# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARISSA LANNING,

           Plaintiff,

    v.                                                  Case No. 19-CV-890

GATEWAY TECHNICAL COLLEGE,

           Defendant.

# ORDER

## 1. Background

Before the court is Plaintiff Carissa Lanning's "Motion for Leave to Amend Summary Judgment Memoranda and Responses to Defendant's Proposed Findings of Fact; and to File a Supplemental Proposed Finding of Fact." (ECF No. 43.) Lanning seeks a do-over of her summary judgment materials in three respects:

1. She "seeks leave to amend her Summary Judgment Memoranda by inserting citations to the corresponding numbered paragraph of Plaintiff's Proposed Findings of Fact, Plaintiff's Response to Defendant's Proposed Findings of Fact, and/or Plaintiff's Proposed Finding of Fact Requiring Denial of Summary Judgment." (ECF No. 43 at 2.)

2. She "seeks leave to amend Plaintiff's Response to Defendant's Proposed Findings of Fact Paragraphs 47 and 51 which reference the 'testimony of Carissa Lanning and Jonathan Bradley,' so that these responses instead refer to the Declaration of Jonathan Bradley. Plaintiff has only used one statement from Mr. Bradley as an

exhibit, and he was not deposed. Plaintiff also seeks to amend these paragraphs as well as Paragraph 50 with the appropriate pincite to the applicable portion of Carissa Lanning's deposition testimony (Lanning Dep. at 61:20-25) in addition to a citation to the Declaration of Jonathan Bradley." (ECF No. 43 at 3.)

3. She "seeks leave to file a Supplemental Proposed Finding of Fact Requiring Denial of Summary Judgment that reads as follows: 'In retaliation for Carissa rejecting his sexual advances, Assad deprived Carissa of her employment benefits by assigning her to menial tasks lacking the educational or experiential benefits inherent in the position of Student Casual. Lanning Dep. at Pages 154:11 to 155:18 and 157:18 to 159:2.'" (ECF No. 43 at 3.)

Gateway Technical College opposes the motion, arguing that it would be prejudiced by being forced to incur the costs of filing a new response and reply brief. Lanning did not reply.

**2. Amend Summary Judgment Memoranda**

Lanning's first request is necessitated because in her briefs she failed to cite to the relevant proposed finding of fact, instead citing to the relevant original document (e.g., a deposition or a declaration). Factual assertions in the briefs must be supported by citations to proposed findings of fact, to which the opposing party must state its opposition or agreement. The proposed findings of fact must be supported by specific citations to the record so that the court can review any dispute. Lanning failed to ground the factual assertions in her brief by citing to a proposed finding of fact.

The court will grant Lanning's first request. While Gateway's task in responding was made needlessly more difficult by Lanning's failure to connect the factual assertions in her brief to specific proposed findings of fact, there is no reason to believe that

2

Case 2:19-cv-00890-WED    Filed 06/02/20    Page 2 of 7    Document 51

Gateway would be prejudiced if the court now permitted Lanning's proposed amendment. Although Gateway asserts that it "will be required to submit revised responses to Lanning's corrected filings, a process that will not only require Gateway to expend additional effort and expense, but which will also delay the resolution of this case" (ECF No. 50 at 4), it has not demonstrated why such an amended response would be necessary. And the court's job will be made significantly easier if, when reviewing the pending motions, the factual statements in Lanning's briefs are connected to her proposed findings of fact rather than to exhibits. In the absence of prejudice to Gateway, and in light of the benefit to the court, this aspect of the motion is granted.

**3. Amend Lanning's Response to Gateway's Proposed Findings of Fact**

Lanning's second request relates to her responses to Gateway's proposed findings of fact, which she filed on May 7, 2020. (ECF No. 33.) In responding to Gateway's proposed findings of fact numbers 47, 50, and 51, Lanning failed to support certain crucial assertions with an appropriate citation to the record.

Gateway contends that allowing Lanning to amend her responses "would place Gateway in the position of having to repeat its efforts (and incur the resulting cost) of diligently and fully replying to Lanning's summary judgment response pleadings, a process that will inevitably further delay the resolution of this case." (ECF No. 50 at 5.)

However, Gateway's claims of prejudice are overblown. Lanning's motion to amend preceded Gateway's reply, albeit by only two days. If the court's resolution of

Lanning's motion to amend was material to Gateway's reply, it could have asked the court to extend the deadline for its reply until the court resolved the motion. Moreover, Gateway has not identified any instance where its argument in reply relied on Lanning's failure to support her responses to Gateway's proposed findings of fact. Rather, it points only to a footnote in its reply where it said:

> As was true of her partial motion for summary judgment, Lanning's pleadings opposing Gateway's motion for summary judgment are replete with violations of this Court's summary judgment procedures. Among them, Lanning's brief contains numerous assertions of fact not found in Gateway's or her own proposed findings of fact and her responses to Gateway's proposed findings of fact (as well as those additional facts she propounds) lack specific references to the record. These procedural defects hinder Gateway's ability to meaningfully reply and, more importantly, this Court's ability to analyze Lanning's claims. The Court should therefore disregard Lanning's improperly alleged factual assertions and admit those findings of fact which she has failed to adequately dispute.

(ECF No. 46 at 1, fn.1.)

Gateway states, "The Court *should* therefore disregard Lanning's improperly alleged factual assertions and admit those findings of fact which she has failed to adequately dispute." (Emphasis added.) That statement acknowledges that an unsupported refutation does not necessarily mean the court will deem the proposed fact admitted. Rather, when a party

> fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;

4
Case 2:19-cv-00890-WED    Filed 06/02/20    Page 4 of 7    Document 51

> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). To the extent that Gateway presumed that Lanning's failure to support her responses meant that those proposed findings of fact would be deemed admitted (*see* ECF No. 50 at 5 ("Gateway took the reasonable position that the responses would be disregarded and the proposed facts admitted as undisputed.")), such a presumption was unreasonable in light of the discretion afforded the court under Rule 56(e).

Under the circumstances, most significantly the absence of prejudice to Gateway, the court will grant Lanning leave under Rule 56(e)(1) to amend her response to Gateway's proposed findings of fact numbers 47, 50, and 51.

### 4. Request to File an Additional Proposed Finding of Fact

Gateway similarly fails to demonstrate that it would be prejudiced should the court grant Lanning's final request. The proposed amendment appears to be one more of form than substance. In her response to Gateway's motion for summary judgment Lanning cited portions of her deposition to support certain factual assertions. Rather than citing the deposition, she should have cited to a proposed finding of fact, which in turn should cite the relevant deposition testimony. She now seeks to offer that interim step of putting the relevant facts in a proposed finding of fact.

As Gateway noted, proposed findings of fact "serv[e] an important function by ensuring that the proposed findings of fact are in a form that permits the district court to analyze the admissible evidence supporting particular factual propositions and determine precisely what facts, if any, are material and disputed." (ECF No. 50 at 3 (quoting *Schmidt v. Eagle Waster & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010)). Thus, Gateway will be able to concisely respond to Lanning's proposed assertion of fact, and the court will be able to review the dispute.

Gateway was able to address the substance of Lanning's factual argument in its reply. The amendment simply repackages those proposed facts into a form that will facilitate the court's review.

**5. Resubmission**

Rather than the Clerk docketing the proposed documents that Lanning submitted (ECF Nos. 43-1 at 2-32; 43-1 at 34-66; 43-1 at 68-70), within ten days of the date of this order Lanning must refile these and nearly all documents related to summary judgment (ECF Nos. 31, 32, 33, 41, 42, 45, 49; the actual motion for partial summary judgment, ECF No. 30, need not be refiled). In filing his summary judgment exhibits, Lanning failed to comply with this court's ECF User Manual. Exhibits must be attached individually, and each attachment must contain a descriptive name, e.g., Attachment 1, Exhibit A, Smith Deposition; Attachment 2, Exhibit B, Jones Declaration. *See* ECF User Manual § 3.4(b). When necessary, an exhibit should be authenticated by

way of a declaration. (*See, e.g.*, ECF Nos. 27, 28.) Summary judgment exhibits should not be attached to briefs or proposed findings of fact. Questions should be directed to the ECF Help Desk at (866) 438-5410.

**IT IS THEREFORE ORDERED** that Lanning's "Motion for Leave to Amend Summary Judgment Memoranda and Responses to Defendant's Proposed Findings of Fact; and to File a Supplemental Proposed Finding of Fact" (ECF No. 43) is **granted**. Within **ten days** of the date of this order Lanning shall refile the documents as set forth in this order. Failure to fully comply may result in the court denying Lanning's motion for partial summary judgment and granting Gateway's motion for summary judgment.

Within **seven days** thereafter Gateway shall respond to Lanning's additional proposed finding of fact.

Dated at Milwaukee, Wisconsin this 2nd day of June, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge